UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ANTONIO MAGANDA-CHINO, a/k/a
Jesus Olivar-Chino,
            *Defendant-Appellant.*

No. 02-4513

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-11)

Submitted: November 14, 2002

Decided: December 16, 2002

Before WILKINS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Antonio Maganda-Chino appeals his conviction and sentence for reentry of a deported alien felon in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000). Maganda-Chino's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Although notified of his right to do so, Maganda-Chino has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Counsel raises the issue of whether the district court erred in failing to depart downward and sentencing Maganda-Chino to thirty-six months of imprisonment. Because a decision to depart from the sentencing guidelines is a highly factual determination within the exclusive province of the sentencing court, this court will only review such a decision if it reflects a purely legal determination, such as the district court's misapprehension of its authority to depart. *United States v. Wilkinson*, 137 F.3d 214, 230 (4th Cir. 1998); *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). Based on our review of the record, we find the district court recognized its authority to depart but declined to do so under the circumstances. Therefore, this claim is not subject to appellate review.

Moreover, we have no authority to review the district court's decision to sentence Maganda-Chino to thirty-six months of imprisonment. This sentence is within the guideline range and is below the statutory maximum sentence of twenty years. *See* 8 U.S.C. § 1326(b)(2) (setting forth statutory maximum). Because Maganda-Chino's sentence does not exceed the maximum allowed by the guidelines or statute, we will not review it on appeal. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990) (finding challenge to court's exercise of discretion in setting a sentence within a properly calculated guideline range not addressable on appeal).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Maganda-Chino's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*